**Valentina Chigrina REID, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–73113, A70–502–797.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*\*

Decided Aug. 13, 2004.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Valentina Chigrina, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Allen W. Hausman, Attorney, Josh Braunstein, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Valentina Chigrina Reid, a citizen of Ukraine, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

Petitioner's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–50 (9th Cir.2003).

Substantial evidence supports the IJ's adverse credibility determination, as well as the determination that petitioner failed to establish persecution on account of an enumerated ground. We review adverse credibility determinations under a substantial evidence standard. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 658 (9th Cir.2003). The determination must be upheld because the IJ made an express credibility finding and offered specific, cogent reasons for disbelief, which go to the heart of petitioner's claim of persecution. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). Among other things, petitioner's application and testimony contain material inconsistencies with regard to her assertion that the now-defunct KGB arrested her for divulging state secrets while she was a Russian language and literature teacher in Kiev. Moreover, her own testimony supports the IJ's determination that she failed to establish persecution on account of any enumerated ground.

By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Any claim of ineffective assistance of counsel is unavailing for failure to comply

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with the requirements under *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

This court lacks jurisdiction to review whether petitioner is entitled to relief under the Convention Against Torture, because she did not exhaust this claim before the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.